Applegate *v.* Tyson.

JOHN S. APPLEGATE, receiver &c.,

*v.*

WASHINGTON L. TYSON et al.

In a litigation in this court over a bond and mortgage made to A in trust for B, the complainant was appointed the receiver thereof, with authority to collect the money due thereon and distribute it among C, D and E. In a subsequent foreclosure suit upon the mortgage by the receiver—*Held*, on demurrer, that A, B, C, D and E were not, nor was any of them, necessary parties.

Bill to foreclose. On demurrer.

*Mr. R. Wayne Parker*, for the demurrants.

*Mr. R. Allen, Jr.*, and *Mr. S. M. Dickinson*, for complainant.

THE CHANCELLOR.

This is a demurrer for want of parties complainant. The suit is brought to foreclose a mortgage, and is instituted by a receiver appointed by this court to collect the money due upon the mortgage, and make distribution thereof. The receiver is the only party complainant, and the defendants are the mortgagor and his wife, and other persons owning part of the land. The demurrants insist that Maria L. Parker, James Eugene

Parker, Maria Louisa Parker, Samuel Parker, and Elizabeth B. Parker, are necessary parties. It appears by the bill that the complainant was appointed receiver in this court in a suit in which James Eugene Parker, Maria Louisa Parker, Samuel Parker, and Elizabeth B. Parker, were complainants, and Frank S. Winchester, Washington L. Tyson, and Maria L. Parker, were defendants; that in that suit it was adjudged that Maria Louisa, Samuel and Elizabeth B. Parker were entitled to recover from Winchester the sum of $11,525, with interest, and that they were entitled to the mortgage now in suit (which had been given to him as trustee for Maria L. Parker by Winchester) and the bond, the payment of which it was given to secure, or to the moneys due thereon; and that John S. Applegate (the complainant in this cause) be and he was thereby appointed receiver in that suit to take possession of the bond and mortgage, and take such measures as might be necessary to recover the money due thereon and to make distribution of the proceeds. The bill also states that the complainant, under and by virtue of the authority and direction of the decree, has received the bond and mortgage from the clerk of this court, with whom it had been deposited by order of this court, and has possession thereof. It also states that he is thereby and by virtue of his office of receiver, entitled to recover, collect and receive the money due and to become due on the bond and mortgage, and under the direction of this court to institute and prosecute proceedings for the recovery and collection of the money. It also states that Maria Louisa, Samuel and Elizabeth B. Parker are entitled to the bond and mortgage and the money due upon them. The receiver has title to the bond and mortgage. By the authority given him to collect the money due and to grow due upon them he has such an interest in them as enables him to maintain suit thereon in his own name alone. They were, as before stated, made in favor of Frank S. Winchester, trustee of Maria L. Parker. The decree divested the former of all title thereto, and Maria L. Parker of all interest therein, and invested the complainant as receiver with title for the purposes of collection, directing him to collect the money and make distribution of it among the

Atlantic City Water Works *v.* Atlantic City.

three, Maria Louisa, Samuel and Elizabeth B. Parker, according to the directions of the decree.

It is quite clear that it is not necessary to join either Winchester or Maria L. Parker as complainant, and it is equally clear that it is not necessary to join the persons decreed to be entitled to the bond and mortgage. James Eugene Parker has not, and for aught that appears never had, any interest in them.

It is urged that unless Maria L. Parker be made a party, she may defeat the title of the purchaser under the foreclosure sale, by a successful appeal from the decree by which she was divested of her interest. This objection would not be obviated by making her a party; for she would not be a party voluntarily, but would be made such against her will, and only by virtue of the order or decree, if one were made, directing that she be made a party. If she should not, by appeal, stay the proceedings, the sale will be binding upon her. None of the persons named in the demurrer are necessary parties. The demurrer will, therefore, be overruled.